UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VILES DELICES,

     Plaintiff,

v.                                 Case No. 3:25cv2483-MW-HTC

KENDRIC CUMMINS,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Viles Delices, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended complaint under 42 U.S.C. § 1983 alleging the Defendant violated his First Amendment rights by writing him a retaliatory disciplinary report ("DR"). Doc. 13. The Court screened Delices's original complaint, advised him he could not state a retaliation claim if he was found guilty of the DR and lost gain time, and gave him an opportunity to file either a notice of voluntary dismissal or an amended complaint. Doc. 10. Delices chose to file an amended complaint, conceding he lost gain time due to the DR. Thus, this case should be DISMISSED without prejudice.[1]

---

[1] Dismissal is also appropriate because Delices has failed to comply with the Court's February 12 Order, which required him to submit the $17.50 initial partial filing fee by March 2. Doc. 12; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may

## I.    Background

Delices sues Kendric Cummins, a Sergeant at Okaloosa Correctional Institution.  His amended complaint contains the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

In 2019, Delices filed a lawsuit alleging correctional officers at Santa Rosa Correctional Institution used excessive force on him.  The defendants in that suit are "colleagues" of Cummins.

On January 23, 2022, Cummins entered Delices's cell at Okaloosa CI and planted a cell phone under his bunk.  Cummins called Delices over, showed him the cell phone, and ordered him to submit to hand restraints so he could be taken to confinement pending disciplinary action.  Delices denied the cell phone was his, but Cummins told Delices "you may as well get used to this unless you drop the lawsuit against DOC staff."

Cummins wrote Delices a DR for possessing a cell phone.  The DR was served on Delices while he was in confinement.  During the DR investigation, Delices requested witness statements from inmates and video footage from around his cell that would "prove his innocence."  However, prison officials did not comply with Delices's requests, and the requested materials were not considered by the DR

---

dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

hearing team, which found Delices guilty of possessing the cell phone based on Cummins's statement in the DR.  As a result, Delices lost 120 days of gain time.

Based on the foregoing, Delices alleges Cummins violated the First Amendment by retaliating against him.  Delices also brings breach of fiduciary duty and intentional infliction of emotional distress claims against Cummins under Florida law.  As relief, Delices seeks damages.

## II.    Legal Standard

Because Delices is a prisoner proceeding *in forma pauperis* and seeking relief from a government employee, the Court must dismiss his amended complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  To state a claim, Delices must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must liberally construe *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    Discussion

### A.    Retaliation

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) (citing *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989)).  However, in *Heck v. Humphrey*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).

The Supreme Court has extended *Heck*'s reasoning to prison disciplinary proceedings that result in the loss of gain time. *See Edwards v. Balisok*, 520 U.S. 641 (1997).  Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Delices's retaliation claim is barred by *Heck* and *Balisok*.  Delices alleges Cummins retaliated against him by issuing him a false DR for possessing a

cell phone. These allegations necessarily imply Delices is innocent of the DR and should not have lost gain time. Accordingly, because Delices was found guilty of the DR and lost gain time, and he does not allege the DR has been overturned, he cannot maintain his retaliation claim. *See Schreane v. Marr*, 722 F. App'x 160, 166 (3d Cir. 2018) (concluding retaliation claim alleging defendant "falsified a misconduct incident in order to retaliate against [inmate] for filing a lawsuit" was barred by *Heck* and *Balisok* because it necessarily implied "the invalidity of the loss of his good-time credits"); *Miller v. Sanford*, 257 F. App'x 246 (11th Cir. 2007) (holding prisoner who alleged he was issued a false DR could not bring § 1983 action because the allegations, if true, would necessarily imply the invalidity of the DR conviction and loss of gain time).

### B.    Supplemental Jurisdiction

Delices's remaining claims (breach of fiduciary duty and intentional infliction of emotional distress) are based on state law. Because the undersigned concludes Delices's only federal claim should be dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims at this early stage of the case. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when … the federal claims have been dismissed prior to trial") (citation omitted).

## IV.   Conclusion

Because Delices's retaliation claim impugns the validity of a DR conviction that resulted in the loss of gain time, his claim is *Heck*-barred and this case should be dismissed without prejudice. *See Petersen v. Overstreet*, 819 F. App'x 778, 780 (11th Cir. 2020) (noting claims barred by *Heck* must be dismissed without prejudice because the claims do not accrue until the plaintiff's conviction is overturned).

Accordingly, it is RECOMMENDED:

1.   That Delices's First Amendment claim be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) due to his failure to state a claim on which relief may be granted.

2.   That the Court decline to exercise supplemental jurisdiction over Delices's state law claims and those claims be DISMISSED without prejudice.

3.   That the clerk close the file.

At Pensacola, Florida, this 9th day of March, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:25cv2483-MW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.